UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 2910 GEORGIA AVENUE LLC,<br><br>   Plaintiff,<br><br>      v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>   Defendants. | Civil Action No. 12-1993 (CKK) |

MEMORANDUM OPINION
(April 9, 2014)

Plaintiff 2910 Georgia Avenue LLC filed suit against the District of Columbia, Mayor Vincent C. Gray, and Michael P. Kelly in his official capacity as Director for the Department of Housing and Community Development ("DHCD"), alleging the District of Columbia's Inclusionary Zoning Program constitutes an unconstitutional taking and violates the Plaintiff's substantive due process rights. On September 30, 2013, the Court denied in part and granted in part Defendant's Motion to Dismiss Plaintiff's Complaint. *See* Mem. Op. & Order, ECF Nos. [20], [21]. In relevant part, the Court granted Defendant's Motion to Dismiss Plaintiff's takings claims against the set-aside requirement of the Inclusionary Zoning Program on the basis that that claim was not ripe, but denied Defendant's Motion to Dismiss with respect to Plaintiff's challenge to the Inclusionary Development Covenant finding that it was ripe. Mem. Op. at 1. Presently before the Court is Defendants' [24] Motion for Reconsideration of the Court's holding that Plaintiff's challenge to the Inclusionary Development Covenant is ripe.[1] Upon consideration

---

[1] Defendants' Motion was originally styled as a Motion for Clarification of the Court's September 30, 2013, opinion. However, in an October 17, 2013, Minute Order, the Court stated it would treat Defendant's Motion as a Motion for Reconsideration.

of the pleadings,[2] the relevant legal authorities, and the record for purposes of this motion, the Court DENIES Defendant's Motion for Reconsideration for the foregoing reasons.

## I. LEGAL STANDARD

To prevail on a Motion for Reconsideration, the movant bears the burden of identifying an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)). However, "[m]otions for reconsideration are disfavored[.]" *Wright v. F.B.I.,* 598 F.Supp.2d 76, 77 (D.D.C. 2009) (internal quotation marks and citation omitted). "The granting of such a motion is . . . an unusual measure, occurring in extraordinary circumstances." *Kittner v. Gates,* 783 F.Supp.2d 170, 172 (D.D.C. 2011). Accordingly, Motions for Reconsideration may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Jung v. Assoc. of Am. Med. Colls.,* 226 F.R.D. 7, 9 (D.D.C. 2005) (internal quotation marks and citation omitted).

## II. DISCUSSION

In Defendants' original Motion to Dismiss, Defendants moved the Court to dismiss Plaintiff's challenge to the Inclusionary Development Covenant as unripe. *See* Def.'s Mot. to Dismiss at 20-29. Plaintiff countered that its challenge to the Covenant was ripe because DHCD has the authority to release the Covenant and Plaintiff had requested that DHCD release or modify the Covenant and DHCD refused. *See* Pl.'s Opp'n. to Mot. to Dismiss at 11. In the Court's September 30, 2013, decision, the Court agreed with Plaintiff that DHCD had the

---

[2] Defendants' Motion for Reconsideration (Defs.' Mot.), ECF No. [24]; Plaintiff's Opposition ("Pl.'s Opp'n.), ECF No. [26]; Defendants' Reply (Def.'s Reply), ECF No. [27].

authority to waive the Covenant and that Plaintiff's claim became ripe upon DHCD's refusal of Plaintiff's request that the Covenant be waived. Mem. Op. at 11.

Defendants' Motion for Reconsideration now challenges the Court's reasoning in determining that DHCD has authority to waive the Covenant. Specifically, Defendants contend that the Court was mistaken in concluding that "[n]either the requirement that a covenant be executed, nor the provisions of the covenant, are dictated by the Inclusionary Zoning Act or the Zoning Commission regulations; both are established by DHCD's implementing regulations codified in title 14, chapter 22, and thus can be waived by the DHCD." Def.'s Mot. at 2-3 (citing Mem. Op. at 11). Defendants argue—with far more clarity and focus than they did in their original briefing—that DHCD does not have the authority to waive the Inclusionary Development Covenant because the Inclusionary Zoning Act requires an inclusionary development owner to execute a covenant and under § 2223.1 of DHCD's implementing regulations, DHCD is precluded from waiving any provision that is "required by the Zoning Commissions' Inclusionary Zoning Regulations or the Inclusionary Zoning Act." D.C. Mun. Regs. tit. 14 § 2223.1(b). Defendants argue that "DHCD can only waive those provisions contained in the IZ Covenant which derive from DHCD's Implementing Regulations only and not the IZ Act or the IZ Regulations." Def.'s Mot. at 4.

After reviewing Defendants' arguments in support of their Motion for Reconsideration, the Court finds that Defendants are correct that the Inclusionary Zoning Act requires an inclusionary development owner to execute a covenant. The Inclusionary Zoning Act specifically states that, in order for a building permit to be issued for an Inclusionary Development, a covenant must be recorded "that binds all persons with a property interest in any or all of the Inclusionary Development to construct and reserve the number of inclusionary units

indicated on the Certificate of Inclusionary Zoning Compliance, and to sell or rent, as applicable, such units in accordance with the Inclusionary Zoning Program and the Certificate of Inclusionary Zoning Compliance . . . ." D.C. Code § 6-1041.05. However, "*the establishment of enforcement mechanisms such as covenants* and certifications shall be as determined by the Council and Mayor of the District of Columbia." D.C. Mun. Regs. tit. 11, § 2600.2 (emphasis added). DHCD is charged with administering the regulations implementing the Zoning Commission's Inclusionary Zoning Regulations and the Inclusionary Zoning Act ("implementing regulations"), *see* D.C. Mun. Regs. tit. 14, § 2200.1, which include the regulations establishing the provisions of the Inclusionary Development Covenant, *see id.* § 2204.1. The implementing regulations for the Inclusionary Development Covenant clearly state that

> The Inclusionary Development Covenant . . . at a minimum, shall include: . . . (d) A provision providing for *the release or extinguishment of the Inclusionary Development Covenant* only *upon the reasonable approval of the Department of Housing and Community Development Inclusionary Zoning Administrator*.

*Id.* § 2204.1(d) (emphasis added). Article X of the specific Covenant at issue in this case reiterates this authority: "[T]his Covenant may be released and extinguished upon the reasonable approval of the District Agency." Compl. Ex. A at 10. Defendants nevertheless contend that DHCD does not have the authority to release or extinguish the Covenant because, pursuant to title 14 section 2223.1 of the D.C. municipal regulations, DHCD may only waive provisions that are "not required by the Zoning Commission's Inclusionary Zoning Regulations or the Inclusionary Zoning Act" and, as previously established, the Inclusionary Zoning Act requires a covenant.

The Court finds Defendants' interpretation of the import of § 2223.1 misguided.

Defendants' reading of DHCD's implementing regulations would create a sharp conflict within the implementing regulations. Specifically, by reading § 2223.1(b) as precluding DHCD from waiving the Inclusionary Development Covenant, § 2223.1 would be in direct conflict with § 2204.1(d) which explicitly grants DHCD the authority to "release or extinguish[]" the Inclusionary Development Covenant "upon the reasonable approval of the Department of Housing and Community Development Inclusionary Zoning Administrator." The Court is not inclined to assume that the Deputy Mayor for Planning and Economic Development, who adopted the implementing regulations, intended to create such a conflict or even inadvertently created so obvious of a conflict. The most logical reading of the implementing regulations and a reading that avoids the conflict created by Defendants is that pursuant to § 2223.1, DHCD may not waive the provision in the implementing regulations requiring the recordation of a covenant before a building permit shall be issued, but that does not prevent DHCD from *complying* with the separate provision requiring that the covenant be releasable or extinguishable upon the reasonable approval of the DHCD Inclusionary Zoning Administrator. In other words, DHCD cannot waive the provision in the implementing regulations requiring, as a blanket rule, that a covenant be recorded, but DHCD can, in certain circumstances, release a developer from a covenant at a later date.

Defendants' argument under § 2223.1 would be more appropriate if the Inclusionary Zoning Act prohibited the release or extinguishment of the covenant and DHCD's implementing regulations contained a mirror provision. Then, Defendants could argue, as they have here, that DHCD does not have the authority to waive the implementing regulations provision and release the covenant because such a provision is required by the Act. However, Defendants have pointed to no such prohibition in the Inclusionary Zoning Act or the Inclusionary Zoning

Regulations, and the Court has found none.

Accordingly, as the Court has again found that DHCD has the authority to "release or extinguish" the covenant and Plaintiff asked DHCD to waive the covenant and DHCD refused, the Court reaffirms its ruling that Plaintiff's claims with respect to the covenant are ripe.

### III.  CONCLUSION

For the reasons outlined above, the Court DENIES Defendants' Motion for Reconsideration. As the Court held in its September 30, 2013, ruling, the Court lacks subject matter jurisdiction over the Plaintiff's challenge to the IZ Program writ large as that claim is not ripe, but can consider the Plaintiff's challenge to the Inclusionary Development Covenant restricting the sale of the units in question. Accordingly, Plaintiff's claims, as to all counts, remain viable as to Plaintiff's challenge to all aspects of the Inclusionary Development Covenant. An appropriate Order accompanies this Memorandum Opinion.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE
