**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| 2910 GEORGIA AVENUE LLC,<br>    Plaintiff,<br>        v.<br>DISTRICT OF COLUMBIA, *et al.*,<br>    Defendants. | **Civil Action No. 12-1993 (CKK)** |

**MEMORANDUM OPINION AND ORDER**
(December 29, 2015)

Plaintiff 2910 Georgia Avenue LLC filed suit against the District of Columbia, Mayor Vincent C. Gray, and Michael P. Kelly in his official capacity as Director for the Department of Housing and Community Development ("DHCD"), alleging that the District of Columbia's Inclusionary Zoning Program ("IZ Program") constitutes an unconstitutional taking and violates Plaintiff's substantive due process and equal protection rights.

Presently before the Court are Plaintiff's [45] Motion to Reopen Discovery for a Limited Purpose and Plaintiff's [43] Motion for Leave to File Amended Complaint. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS

---

[1] The Court considered the following pleadings in evaluating Plaintiff's motions: Complaint, ECF No. [1]; Plaintiff's Motion to Reopen Discovery for a Limited Purpose ("Pl.'s Mot. to Reopen Discovery"), ECF No. [45]; Defendants' Opposition to Plaintiff's Motion to Reopen Discovery, ECF No. [47]; Plaintiff's Reply in Support of its Motion to Reopen Discovery, ECF No. [48]; Plaintiff's Supplemental Reply in Support of Its Motion for Discovery, ECF No. [52]; Plaintiff's Motion for Leave to File Amended Complaint, ECF No. [43]; Defendants' Opposition to Plaintiff's Motion to Amend, ECF No. [44]; Plaintiff's Reply in Support of Its Motion to Amend, ECF No. [46]; and Defendants' Surreply Regarding Requested Discovery, ECF No. [53]. In response to Defendants' Surreply, Plaintiff filed a Motion for Leave to File a Supplemental Memorandum Response, ECF No. [54]. The Court shall grant Plaintiff's [54] Motion for Leave to file a Supplemental Memorandum Response because Defendants' Surreply raised arguments to which Plaintiff should be granted the opportunity to respond. Accordingly, in preparing this Memorandum Opinion and Order, the Court also considered Plaintiff's Supplemental Memorandum Response, ECF No. [54].

Plaintiff's [45] Motion to Reopen Discovery for a Limited Purpose and GRANTS Plaintiff's [43] Motion for Leave to File Amended Complaint.

As explained more fully below, the Court shall reopen discovery so that both parties may conduct limited discovery within the parameters set forth in this Memorandum Opinion and Order. The Court shall allow the parties 45 days from the date of this Memorandum Opinion and Order, until **February 12, 2016**, to complete this discovery.

The Court also observes that this discovery concerns facts at issue in the parties' motions for summary judgment that have been filed with the Court, but have not yet been fully briefed. Because this new round of discovery affects the arguments presented by the parties in their motions for summary judgment, the Court shall deny without prejudice the pending motions for summary judgment and permit the parties to file renewed motions after the parties have fully developed the factual record through the above-described discovery. Accordingly, the Court DENIES without prejudice Defendants' [49] Motion for Summary Judgment and DENIES without prejudice Plaintiff's [50] Motion for Summary Judgment.

The parties shall file a Joint Status Report by **February 19, 2016**, proposing a schedule of dates for filing and briefing the parties' renewed motions for summary judgment. The Court shall then issue an order setting a briefing schedule.

## I. BACKGROUND

The factual allegations and legal claims at issue in the case are set forth fully in the Court's September 30, 2013 Memorandum Opinion granting in part and denying in part Defendant's Motion to Dismiss. *See 2910 Georgia Ave. LLC v. D.C.*, 983 F. Supp. 2d 127, 129-33 (D.D.C. 2013) *reconsideration denied*, 59 F. Supp. 3d 48 (D.D.C. 2014).

In short, Plaintiff is a real estate company which purchased the property at 2910 Georgia

Avenue N.W. in 2009, intending to construct a twenty-two unit condominium building. Compl. ¶ 19. Plaintiff subsequently set aside two of the twenty-two units for sale in order to comply with the District of Columbia's IZ program, which was passed with the intent to increase the amount of affordable housing in the District. *Id.* ¶ 21; *see also* D.C. Mun. Regs. tit. 11, § 2600.1. Between May 2011—when the DCHD began marketing the two set-aside units—and December 13, 2012— when Plaintiff filed its Complaint—neither of the two set-aside units were sold. Compl. ¶¶ 22-36. By contrast, the twenty other units in the development sold for market rates between $225,000 and $404,000 within four months. *Id.* ¶ 27. Plaintiff contended in its Complaint that the two set-aside units had failed to sell, in part, due to an Inclusionary Zoning Covenant (the "IZ Covenant") that rendered units "effectively unmarketable." *Id.* ¶¶ 32, 58.

On December 13, 2012, Plaintiff filed a three-count Complaint against Defendants, alleging that (1) the District of Columbia's IZ Program constitutes an unconstitutional taking; (2) the IZ Program violates Plaintiff's substantive due process rights and equal protection rights; and (3) Plaintiff is entitled to a declaratory judgment stating that: (a) the IZ Program is unconstitutional; (b) Defendants Gray and Kelly, acting under color of state law, have deprived Plaintiff of rights, privileges, and immunities secured by the United States Constitution, in violation of 42 U.S.C. § 1983; and (3) Plaintiff is entitled to compensation. *See* Compl. ¶¶ 56-84.

On September 30, 2013, the Court denied in part and granted in part Defendants' Motion to Dismiss Plaintiff's Complaint. *See* Mem. Op. & Order, ECF Nos. [20], [21]. In relevant part, the Court granted Defendants' Motion to Dismiss Plaintiff's takings claims against the general "set-aside" requirement of the IZ Program writ large on the basis that the claim was not ripe, but denied Defendants' Motion to Dismiss with respect to Plaintiff's challenge to the IZ Covenant, finding that it was ripe. Mem. Op. at 1. On April 9, 2014, the Court denied Defendants' [24]

Motion for Reconsideration of the Court's holding that Plaintiff's challenge to the IZ Covenant was ripe.[2]  *See* Mem. Op & Order, ECF Nos. [31], [32].  After those decisions, Plaintiff's claims, as to all counts, remained viable as to Plaintiff's challenge to all aspects of the IZ Covenant.

Discovery closed in this case on May 7, 2015.[3]  On May 8, 2015, the Court held a Status Conference, at which Plaintiff expressed an intent to file a Motion for Leave to Amend its Complaint.  *See* Order, ECF No. [42].  Later that day, the Court issued an order setting May 20, 2015 as the deadline by which Plaintiff would have to file said Motion.  *Id.*  The Court's Order also included a briefing schedule contemplating that the parties would file their Cross-Motions for Summary Judgment on or before June 29, 2015, with Oppositions due on July 20, 2015 and Replies due on August 3, 2015.  *Id.*

In compliance with the Court's Order, Plaintiff filed its Motion for Leave to File Amended Complaint on May 20, 2015.  *See id.*  In this motion, Plaintiff seeks leave to amend its Complaint in order to: (1) add factual allegations based on information learned during the discovery, (2) update factual allegations in the original Complaint that require amendment due to the passage of time, and (3) include an additional cause of action for denial of procedural due process based on the facts and information either learned or confirmed in discovery.  *See* Pl.'s Mot. to Amend, ECF No. [43], at 1.

One week later, on May 27, 2015, Plaintiff filed a second motion, a Motion to Reopen

---

[2] Defendants' Motion was originally styled as a Motion for Clarification of the Court's September 30, 2013, opinion.  However, in an October 17, 2013, Minute Order, the Court stated that it would treat Defendant's Motion as a Motion for Reconsideration.

[3] Discovery was originally scheduled to close on May 1, 2015.  On April 7, 2015, the Court granted Plaintiff's consent motion to extend discovery by one week for good cause shown by Plaintiff's counsel.  *See* Order, ECF No. [41].

Discovery for a Limited Purpose. *See* Pl.'s Mot. to Reopen Discovery, ECF No. [45]. In this motion, Plaintiff seeks to reopen discovery regarding the April 10, 2015 sale of one of the two set-aside units, Unit C-02, including Defendants' approval of the buyer's eligibility for the IZ program. *See id.* at 3. Plaintiff's motion also included a request to extend the summary judgment briefing schedule to allow for the additional discovery. *See id.* at 7.

On June 29, 2015, both parties filed motions for summary judgment. *See* Defs.' Mot. for Summary Judgment, ECF No. [49] and Pl.'s Mot. for Summary Judgment, ECF No. [50]. Two days later, on July 1, 2015, the Court issued an order staying the briefing schedule of the motions for summary judgment until the Court resolved the outstanding motions filed by Plaintiff. *See* ECF No. [51]. The Court's Order also required the parties to file supplemental briefing as to Plaintiff's outstanding motions. *See id.*

## II. LEGAL STANDARD

### A. Motion to Reopen Discovery under Rule 16(b)(4)

Federal Rule of Civil Procedure 16(b)(4) provides that the Court may modify a scheduling order where there is "good cause." Fed. R. Civ. P. 16(b)(4). In determining whether a motion to reopen discovery satisfied this "good cause" requirement, a court should consider the following factors:

> (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence.

*In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14 (D.D.C. 2011) (quoting *Childers v. Slater*, 197 F.R.D. 185, 187-88 (D.D.C. 2000)). In determining whether there is

good cause to reopen discovery, a court should particularly focus on whether the moving party was diligent in obtaining discovery. *Id.*

## B. Motion to Amend under Rule 15(a)(2)

Under the Federal Rules of Civil Procedure, a party may amend its pleadings once as a matter of course within twenty-one days after service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Where, as here, a party seeks to amend its pleadings outside that time period, they may do so only with the opposing party's written consent or the district court's leave. Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend a complaint is within the discretion of the district court, but leave should be freely given unless there is a good reason to the contrary. *Willoughby v. Potomac Elec. Power Co.,* 100 F.3d 999, 1003 (D.C. Cir. 1996).

"When evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray,* 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia,* 73 F.3d 418 (D.C. Cir. 1996)); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). With respect to an amendment causing undue delay, "[c]ourts generally consider the relation of the proposed amended complaint to the original complaint, favoring proposed complaints that do not 'radically alter the scope and nature of the case.' " *Smith v. Cafe Asia,* 598 F.Supp.2d 45, 48 (D.D.C. 2009) (citation and internal quotations omitted). With respect to an amendment being futile, "a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Sec. Litig.,* 629 F.3d 213, 218 (D.C. Cir. 2010). Because leave to amend should be liberally granted, the party opposing amendment bears the

burden of coming forward with a colorable basis for denying leave to amend. *Abdullah v. Washington*, 530 F.Supp.2d 112, 115 (D.D.C. 2008).

### III. DISCUSSION

Plaintiff seeks two different types of relief through its motions. In its Motion to Reopen Discovery, Plaintiff seeks the Court's permission to conduct limited discovery concerning the sale of Unit C-02, citing information that Plaintiff learned in mid-May, after discovery had closed and after Plaintiff had filed its Motion to Amend. *See* Pl.'s Mot. to Reopen Discovery, at 6. In its Motion to Amend, Plaintiff seeks to amend its Complaint, in order to add a procedural due process claim based on certain facts and information learned during discovery. *See* Pl.'s Mot. to Amend, at 1.

Defendants oppose both motions. With respect to Plaintiff's Motion to Reopen Discovery, Defendants argue that the Court should deny Plaintiff's motion because Plaintiff has not met the "good cause" requirement under Rule 16(b)(4). *See* Def.'s Opp'n to Pl.'s Mot. to Reopen Discovery, at 6-7. With regard to Plaintiff's Motion to Amend, Defendants argue that the Court should deny Plaintiff's motion because (1) Plaintiff failed to comply with Local Civil Rule 7(m); (2) Plaintiff unduly delayed in the filing of the motion; (3) amending the Complaint would unduly prejudice Defendants; and (4) amending the Complaint would be futile. *See* Def.'s Opp'n to Pl.'s Mot. to Amend, at 1-2.

The Court finds that there is "good cause" under Rule 16(b)(4) to allow Plaintiff to conduct limited discovery regarding the sale of Unit C-02. The Court shall also grant leave to Plaintiff to amend its Complaint; however in order to address any prejudice faced by Defendants, the Court shall also provide Defendants with the opportunity to conduct limited discovery into certain issues raised by Plaintiff's addition of the procedural due process claim.

**A.  There is "Good Cause" to Reopen Discovery under Rule 16(b)(4).**

Plaintiff seeks to reopen discovery for the limited purpose of obtaining evidence concerning the sale of Unit C-02 to Ms. Ragini Patel for $142,500.00 on April 10, 2015.  Plaintiff makes its request in light of new facts discovered by Plaintiff shortly after filing its motion for leave to amend its Complaint on May 20, 2015.  *See* Pl.'s Mot. to Reopen Discovery, at 6.

As explained in Plaintiff's motion, Plaintiff learned that a condominium resident had indicated that an individual staying in Unit C-02 reported having rented it through the online rental website, Airbnb.com.  *See id.* at 4.  Upon further inquiry, Plaintiff discovered that Ms. Patel and an individual identified as "Mr. Jay"—whom Plaintiff believe is Ms. Patel's fiancé or husband, Vijay Kumar—were advertising Unit C-02 for rent on Airbnb, in violation of the IZ regulations and the condominium rules.  *See id.*  As Plaintiff investigated this issue, Plaintiff learned a number of additional facts that, Plaintiff believes, affected Ms. Patel's eligibility to participate in the IZ Program at the time of her application, including: (1) Ms. Patel already owned a home in New Jersey; (2) Ms. Patel was either married or engaged to Mr. Kumar, who also owned a home in Virginia; and (3) Ms. Patel's income, when combined with Mr. Kumar's income, exceeded the income eligibility threshold to participate in the program.  *Id.* at 2.

Plaintiff argues that the District failed to consider the aforementioned facts when reviewing Ms. Patel's application to purchase Unit C-02, and that these facts now raise suspicions about fraud and negligence in regard to the transparency and accuracy of the IZ Program's selection process.  *Id.* at 6.  In its request to reopen discovery, Plaintiff asks that (1) Defendants be required to search for and provide all documentation concerning the IZ Program in connection with the application, selection, financing, and sale of the C-02 unit to Ms. Patel and (2) the Court permit Plaintiff to obtain documents from, and to conduct depositions (of no more than two hours each) of Ms. Patel

8

and three decisionmakers involved in the review of Ms. Patel's application. *See* Pl.'s Supplemental

Reply, ECF No. [52], at 1. Plaintiff indicates that it would complete these depositions within thirty

days of an order allowing them. *Id.*

Defendants oppose Plaintiff's motion, arguing that the newly discovered facts do not render

Ms. Patel ineligible to purchase Unit C-02. *See* Defs.' Opp'n to Pl.'s Mot. to Reopen Discovery,

at 3. First, Defendants dispute Plaintiff's contention that Ms. Patel's ownership interest in the New

Jersey property disqualified her. *See id.* at 3-4. According to Defendants, the program allowed

Ms. Patel to own the New Jersey property at the time of her application, as long as she certified

that she would divest herself of the property interest before closing. *See id.* at 4. *See also* D.C.

Mun. Regs. Tit. 14, § 2213.3. Defendants contend that Ms. Patel made such a certification, but

did not actually divest herself of the property interest, thereby making her *eligible* for the program,

but in *default* under the IZ Covenant running with the property. *Id.* Defendants argue that this

distinction is important because the IZ Covenant provides for a 30-day right to cure, and that in

the case of a default, the District's remedy would be to force a re-sale of the property, a result

irrelevant to Plaintiff, as Plaintiff would retain the $142,500 it received for the initial sale of the

unit. *Id.*

Plaintiffs in their reply brief do not respond to Defendants' argument concerning Ms.

Patel's ownership interest in the New Jersey property. *See* Pl.'s Reply in Support of Pl.'s Mot. to

Reopen Discovery.

Based on the record before the Court, it appears that Ms. Patel's ownership interest in the

New Jersey property would not have automatically disqualified her from applying to participate in

the IZ Program. According to Section 2213.3 of Inclusionary Zoning Implementation regulations,

in order to be eligible to participate in the IZ Program, a "household" must "not have an ownership

interest in any other housing *or* will divest such interest before closing on the purchase of . . . the Inclusionary Unit." D.C. Mun. Regs. Tit. 14, § 2213.3 (emphasis added). Here, Defendants have indicated that Ms. Patel certified that she would divest the property interest before closing on the purchase of Unit C-02. *See id.* Accordingly, it appears that evidence regarding Ms. Patel's ownership interest in the New Jersey property is more likely to be relevant to whether Ms. Patel was in default under the IZ covenant, than whether she was a qualified buyer under Section 2213.3. *See id.* The Court, however, notes that the factual record before the Court is limited, and therefore, the Court is reluctant to reach a firm conclusion on this issue at this time.

Defendants also argue that Mr. Kumar's home ownership and income are irrelevant to determining whether Ms. Patel was a qualified buyer of Unit C-02 because Mr. Kumar "was not part of her household as defined by the IZ regulations." *See* Defs.' Opp'n to Pl's Mot. to Reopen Discovery, at 5. In support of this argument, Defendants cite D.C. Mun. Regs. Tit. 14, § 2299, which defines a "household" under the IZ regulations as "all persons who will occupy the Inclusionary Unit. A Household may be a single family, one (1) person living alone, two (2) or more families living together, or any other group of related or unrelated persons who share living arrangements." *Id.* Defendants contend that Mr. Kumar's information is irrelevant because Ms. Patel indicated in her application that only she and her daughter would occupy Unit C-02, and that Ms. Patel's federal income tax return lists her filing status as "head of household." *See* Defs.' Opp'n to Pl's Mot. to Reopen Discovery, at 5.

The Court does not find Defendants' argument persuasive. As Plaintiffs note in their reply brief, "household" under the IZ regulations considers "all persons who *will* occupy the Inclusionary Unit." D.C. Mun. Regs. Tit. 14, § 2299 (emphasis added). Accordingly, the IZ regulations are forward-looking, such that Ms. Patel's eligibility would depend, in part, on which

persons would be occupying Unit C-02 in the future. *See id.* Furthermore, Defendants' own Rule 30(b)(6) deposition testimony indicates that the District follows the "HUD Part 5" requirements when certifying households for the IZ Program. *See* Pl.'s Reply in Support of Pl.'s Mot. to Reopen Discovery, at 4 (citing Defendants' Rule 30(b)(6) deposition testimony). The "HUD Part 5" requirements mandate that an IZ household's income must include all amounts "anticipated to be received from a source outside the family during the 12-month period following admission or annual reexamination effective date." 24 C.F.R. § 5.609(a)(2). *See also* D.C. Mun. Regs. Tit. 14, § 2299 (defining "annual income" in accordance with the definition in 24 C.F.R. § 5.609). Accordingly, even if the District was not required to consider Mr. Kumar as part of Ms. Patel's "household" as the time of her application, the District may have been required to consider Mr. Kumar's assets and income, if Ms. Patel had anticipated receiving income from Mr. Kumar within the twelve-month period subsequent to the application. *See id.*

The Court also finds that there is "good cause" under Rule 16(b)(4) to reopen discovery under the factors delineated in *In re Rail Freight. See* 281 F.R.D. at 14. Here, trial is not imminent, and Plaintiff's motion came only three weeks after the close of discovery. *See id.* Furthermore, although the request is opposed, Plaintiff was diligent in obtaining discovery within the guidelines established by the Court and filed its motion within days of learning the facts at issue. *See id.* Defendants contend that Plaintiff should have obtained discovery in December 2014, when Plaintiff received Ms. Patel's eligibility documents to purchase Unit C-02. *See* Defs.' Opp'n to Pl.'s Mot. to Reopen Discovery, at 9. However, Plaintiff did not have reason to conduct further investigation into Ms. Patel's eligibility until facts came to light in May 2015 regarding Ms. Patel's alleged relationship with Mr. Kumar and Ms. Patel's alleged misuse of the property. For the same reason, it is not clear to the Court that the need for additional discovery on the issue of Ms. Patel's

eligibility would have been foreseeable during the discovery period. Furthermore, for the reasons discussed above, discovery is likely to lead to relevant evidence. *See In re Rail Freight*, 281 F.R.D. at 14. Finally, Defendants argue that they would be prejudiced by Plaintiff's additional discovery, insofar as they would be forced to incur additional expenses resulting from the second round of discovery. Accordingly, to ameliorate this prejudice, the Court shall require Plaintiff to pay for the costs of conducting the four depositions requested by Plaintiff, not including attorneys' fees.

In sum, the facts newly discovered by Plaintiff shortly before the filing of Plaintiff's motion to reopen discovery raise questions regarding Ms. Patel's eligibility to purchase Unit C-02 and regarding the process by which the District approved Ms. Patel's application. Because this information came to light after the discovery had closed, the parties did not have an opportunity to fully develop the record on these issues—issues that both parties agree are central to this case. Accordingly, the Court finds that there is "good cause" to allow Plaintiff to take focused and limited discovery regarding the sale of Unit C-02 to Ms. Patel. As previously noted by this Court, such discovery should focus strictly on Ms. Patel's eligibility to purchase Unit C-02, not on Ms. Patel's alleged post-purchase breach of the IZ covenant. *See* Court's Order dated July 1, 2015, ECF No. [51]. Specifically, the Court shall permit Plaintiff to conduct depositions—for which Plaintiff's examination will not exceed two hours each—of the following four witnesses:

(1) Ms. Patel;

(2) Darryl A. Featherstone, the individual who certified Ms. Patel's eligibility for the Marshall Heights Community Organization to Defendants;

(3) a 30(b)(6) representative for the District who can testify about: Ms. Patel's file, including all documents submitted to the Marshall Heights Community Organization or the District regarding financial status and eligibility, all documents from the District relating to guidance or instructions on determining eligibility for the IZ program and any eligibility analysis of Ms. Patel's household; and

(4) a 30(b)(6) representative for the Navy Federal Credit Union who can testify about: Ms.

Patel's file, including all documents submitted regarding financial status, household information, and eligibility, all documents from the District relating to guidance or instructions on determining eligibility for the IZ Program and any eligibility analysis of Ms. Patel's household.

Plaintiff may also request that each deponent produce the following documents, to the extent applicable:

a. Its complete file concerning Ms. Patel;

b. All documents submitted to the Marshall Heights Community Organization, the District of Columbia, and Navy Federal Credit Union regarding the financial status, household information, and eligibility for the IZ Program for Ms. Patel's household;

c. All documents from the District to its certifying agencies relating to guidance or instructions on determining eligibility for the IZ Program; and

d. Any eligibility analysis of Ms. Patel's household.

Having found that there is "good cause" to reopen discovery on the limited issues described above, the Court shall now consider whether to grant leave to Plaintiff to amend its complaint.

## B. The Court Shall Grant Leave to Plaintiff to Amend Its Complaint under Rule 15(a)(2).

Plaintiff seeks to amend its Complaint in order to: (1) add factual allegations based on information learned during the discovery, (2) update factual allegations in the original Complaint that require amendment due to the passage of time, and (3) include an additional cause of action for denial of procedural due process based on the facts and information either learned or confirmed in discovery. *See* Pl.'s Mot. to Amend, ECF No. [43], at 1. Plaintiff contends that the lack of clear notice concerning implementation deadlines and the absence of an appropriate "phase-in" period before the IZ Program was made legally effective denied Plaintiff any opportunity to incorporate "bonus density" into its building design. *Id*. at 1-2. Plaintiff argues that as a result, its property interests were negatively impacted by the exactions imposed by that program without any corresponding benefit or compensation. *Id*. at 2. Plaintiff maintains that the additional cause of action for denial of procedural due process is an alternative framework for the Court to consider

13

and evaluate Plaintiff's claims, based on facts already known to the District and on facts developed through discovery conducted in this case. *Id.*

Defendants make four arguments in their opposition to Plaintiff's motion to amend: (1) Plaintiff failed to comply with Local Civil Rule 7(m); (2) Plaintiff unduly delayed in the filing of the motion; (3) amending the Complaint would unduly prejudice Defendants; and (4) amending the Complaint would be futile. *See* Def.'s Opp'n to Pl.'s Mot. to Amend, at 1-2. The Court shall address each of Defendants' arguments in turn.

      1.  <u>Compliance with Local Civil Rule 7(m).</u>

First, Defendants argue that the Court should deny Plaintiff leave to amend because Plaintiff did not comply with Local Civil Rule 7(m), which imposes a duty to confer on nondispositive motions. *Id.* at 2. Specifically, LCvR 7(m) requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought, and, if there is, to narrow the areas of disagreement." LCvR 7(m).

Here, Plaintiff's counsel expressed an intent to file a Motion for Leave to Amend Its Complaint during the Status Conference held in this matter on May 8, 2015. *See* Order, ECF No. [42]. Furthermore, Defendants indicated at that status conference that they would oppose the contemplated motion. *See* Defs.' Opp'n to Pl.'s Mot. to Amend, at 3. Plaintiff subsequently filed its motion in accordance with the briefing schedule ordered by the Court after that status conference. *See id.* In light of the foregoing, the Court finds that denying Plaintiff leave to amend its complaint on the basis of the alleged procedural deficiency would not be in accord with the principles of justice cited in Rule 15(a)(2). *See Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 80 n.7 (D.D.C. 2009).

2. <u>Undue Delay</u>

Second, Defendants argue that leave to amend should be denied because Plaintiff unduly delayed in filing their motion. *See* Defs.' Opp'n to Pl.'s Mot. to Amend, at 4. Defendants contend that Plaintiff's procedural due process claim relates only to events that occurred between 2006 and 2009, and that all of the facts cited by Plaintiff in its proposed amended complaint were derived from publicly available documents published during that time period. *See id.* Defendants further maintain that the proposed amended complaint does not cite to any newly discovered facts in support of its procedural due process claim. *See id.*

The Court disagrees. Plaintiff's proposed amended complaint includes allegations that the DHCD was warned repeatedly by multiple sources that the IZ Covenant contained affordability restrictions that were contrary to long-standing federal housing regulations and that the DHCD proceeded to require Plaintiff and other developers to enter into the IZ Covenant, despite knowing that the deed restrictions surviving foreclosure violated various federally administered rules. *See* Pl.'s Proposed Amended Complaint, ECF No. [43-1], ¶¶ 24-28. Such information may "color Plaintiff's claim for denial of procedural due process" and was not publicly available to Plaintiff at the time of filing suit, but rather was discovered by Plaintiff only through the course of discovery. *See* Pl.'s Reply in Support of Pl.'s Mot. to Amend, at 1-2. The Court notes, however, that Plaintiff has not provided any explanation as to why it did not seek leave to amend the Complaint at some point *during* discovery when these facts came to light, as opposed to three weeks *after* discovery had closed. Nevertheless, "delay alone is not a sufficient reason for denying leave . . . If no prejudice [to the non-moving party] is found, the amendment will be allowed." *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kane, Fed. Practice & Proc. § 1487

(1990 & Supp. 1997)).  Accordingly, the Court shall now consider whether Defendants would face any prejudice should the Court grant leave to Plaintiff to amend its complaint.

### 3. Prejudice to Defendants

Defendants contend that if Plaintiff is allowed to add a procedural due process claim as part of an amended complaint, then Defendants would be prejudiced if they are not allowed to conduct additional discovery regarding the facts concerning the procedural due process claim. *See* Defs.' Opp'n to Pl.'s Mot. to Reopen Discovery, ECF No. [44], at 6; Defs.' Sur-Reply Regarding Requested Discovery, ECF No. [53], at 1.  Specifically, Defendants would need to depose Eric Colbert, the architect for Plaintiff's development, and take an additional deposition of Arthur Linde, Plaintiff's Manager.  *See id.*  The topics of these depositions would concern when Mr. Colbert and Mr. Linde became aware of the IZ program's requirements and the decisions they made concerning whether to incorporate the bonus density provided under the IZ Program.  *See id.*  Defendants indicate that they would seek to schedule both depositions, of no more than two hours each, within 30 days of the entry of the Court's order resolving Plaintiff's motions.  *See id.*

Plaintiff argues in its Supplemental Memorandum in Response to Defendants' Sur-Reply that Defendants should not be allowed to take these depositions because Defendants had a sufficient opportunity to depose the witnesses during discovery. *See* Pl.'s Supp. Mem. in Response to Defs.' Sur-Reply, ECF No. [54-1], at 7.  The Court finds Plaintiff's argument unconvincing. Defendants are entitled to discovery on the procedural due process claim and could not have conducted discovery on that claim during discovery because Plaintiff did not file its motion to amend its complaint until after discovery had closed.  Accordingly, in order to ameliorate any prejudice faced by Defendants as a result of the Court's granting of Plaintiff's motion to amend its complaint, the Court shall allow Defendants to conduct both of the depositions on the topics

requested by Defendants. The Court shall also require Plaintiff to pay for the costs of conducting the two depositions, not including attorneys' fees.

### 4. Futility

Finally, Defendants contend that the filing of Plaintiff's proposed amended complaint would be futile because the procedural due process claim would not survive a motion to dismiss. *See* Defs.' Opp'n to Pl.'s Mot. to Amend, at 7. Specifically, Defendants argue that (1) Plaintiff's procedural due process claim is barred by the applicable statute of limitations and (2) Plaintiff's proposed Amended Complaint fails to state a procedural due process claim upon which relief may be granted. *See id.* at 7-8.

As a preliminary matter, the parties do not dispute that the applicable statute of limitations for Plaintiff to bring a procedural due process claim under 42 U.S.C. § 1983 is three years, beginning when Plaintiff had a "complete and present cause of action," that is, when Plaintiff could "file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). The statute of limitations "starts ticking when the plaintiff has sufficient notice of the conduct . . . which is now asserted as the basis for [his] lawsuit." *Sanders v. D.C.*, 85 F. Supp. 3d 523, 531 (D.D.C. 2015) (quoting *Curtis v. Lanier*, 535 F. Supp. 2d 89, 95 (D.D.C. 2008)). Defendants argue that the statute of limitations in this case began to run in December 2009 when the District published its Final Rulemaking for the IZ Program's implementation. *See* Defs.' Opp'n to Pl.'s Mot. to Amend, at 7-8. According to Defendants, the statute of limitations expired on December 11, 2012, two days before Plaintiff filed the instant Complaint. *Id.* at 8.

In response, Plaintiff argues that Defendants overlook the fact that the IZ Program, as applied to Plaintiff, did not inflict injury on Plaintiffs until April 2010, at the earliest. *See* Pl.'s

Reply in Support of Pl.'s Mot. to Amend, at 13.  Plaintiff contends that it did not realize that it was harmed until April 2010 when zoning approval for Plaintiff's project was revoked by the District. *See* Proposed Amended Complaint, ECF No. [43-1], ¶ 37.  Until zoning approval was revoked, Plaintiff had not received any indication during the permit review process that the IZ program would apply to Plaintiff's project. *See id.* ¶ 39.  According to Plaintiff, even the District's zoning officials allegedly were unsure whether Plaintiff's project was subject to inclusionary zoning, as evidenced by the fact that zoning approval was granted on March 30, 2010. *See id.* ¶ 38.

Upon consideration of the parties' arguments, the Court concludes that Defendants have not met their burden to show a colorable basis for denying leave to amend due to the running of the applicable statute of limitations on Plaintiff's procedural due process claim.  Based on the record before the Court, it appears that Plaintiff did not have a "complete and present cause of action" in December 2009 or that Plaintiff had "sufficient notice of the conduct . . . which is now asserted as the basis for [this] lawsuit" at that time.  *See Sanders*, 85 F. Supp. 3d at 531.  The Court notes, however, that the Court reserves the right to reconsider this issue as the parties develop the record, and that Defendants shall not be precluded from raising the statute of limitations issue as part of a motion to dismiss or as part of a motion for summary judgment, which can be more fully briefed and argued by the parties.

Defendants also argue that Plaintiff's proposed amended complaint is futile because it fails to state a procedural due process claim.  *See* Defs.' Opp'n to Pl.'s Mot. to Amend, at 8-10. Defendants' argument rests on their characterization of Plaintiff's procedural due process claim as a challenge only to the District's "changed . . . date of implementation" of the IZ Program. *See id.* at 8.  According to Defendants, Plaintiff's procedural due process claim rests solely on the District's alleged failure to "establish and enforce a consistent notice protocol and implementation

deadlines" for the IZ program.  *See id.* (citing Proposed Amended Complaint, ECF No. [43-1], ¶ 102).  Defendants argue that the District is not required to provide any prior notice when enacting the IZ law and regulations because they are "generally applicable legislative actions" that do not require notice protocol.  *See id.* at 8-9.

Plaintiffs, in response, contend that Plaintiff's procedural due process claim challenges more than just the District's changed date of implementation of the IZ Program.  *See* Pl.'s Reply in Support of Pl.'s Mot. to Amend, at 14-16.  Rather, Plaintiff argues that its procedural due process claim rests on a series of allegations concerning actions and decisions taken by the District regarding the application of the IZ program to Plaintiff's property.  *See id.* For example, Plaintiff's proposed amended complaint includes allegations that District officials were confused about the applicability of the IZ Program to Plaintiff's property and that Defendants failed to implement an effective system to sell Plaintiff's two IZ units to qualified buyers.  *See* Proposed Amended Complaint, ECF No. [43-1], ¶¶ 19, 38, 43, 57-58, 101-07; *see also* Pl.'s Reply in Support of Pl.'s Mot. to Amend, at 14-15.

Upon consideration of the parties' arguments, the Court concludes that Defendants have not met their burden to show a colorable basis for denying leave to amend on the basis of their argument that Plaintiff has failed to state a procedural due process claim.  Based on the record before the Court, it appears that Plaintiff's procedural due process claim challenges certain actions and decisions taken by the District regarding the application of the IZ program to Plaintiff's property and not simply the establishment and enforcement of a notice protocol for the IZ program. *See* Proposed Amended Complaint, ECF No. [43-1], ¶¶ 19, 38, 43, 57-58, 101-07.  The Court again notes, however, that Defendants shall not be precluded from raising their arguments as part of a motion to dismiss or as part of a motion for summary judgment, which can be more fully

briefed and argued by the parties.

For the reasons stated above, the Court finds on the current record that the filing of Plaintiff's proposed amended complaint would not be futile. Accordingly, the Court, in the exercise of its discretion under Rule 15(a)(2), shall grant leave to Plaintiff to file its proposed amended complaint.

## IV. CONCLUSION

For the reasons outlined above, it is, this 29th day December, 2015, hereby

**ORDERED** that Plaintiff's [45] Motion to Reopen Discovery for a Limited Purpose is GRANTED and that Plaintiff's [43] Motion for Leave to File Amended Complaint is GRANTED.

It is **FURTHER ORDERED** that the Court shall reopen discovery so that both parties may conduct limited discovery for the purposes set forth in this Opinion. The Court shall allow the parties 45 days from the date of this Memorandum Opinion and Order, until **February 12, 2016**, to complete this discovery.

IT IS **FURTHER ORDERED** that Plaintiff may conduct depositions—for which Plaintiff's examination will not exceed two hours each—of the following four witnesses:

(1) Ms. Patel;

(2) Darryl A. Featherstone, the individual who certified Ms. Patel's eligibility for the Marshall Heights Community Organization to Defendants;

(3) a 30(b)(6) representative for the District who can testify about: Ms. Patel's file, including all documents submitted to the Marshall Heights Community Organization or the District regarding financial status and eligibility, all documents from the District relating to guidance or instructions on determining eligibility for the IZ program and any eligibility analysis of Ms. Patel's household; and

(4) a 30(b)(6) representative for the Navy Federal Credit Union who can testify about: Ms. Patel's file, including all documents submitted regarding financial status, household information, and eligibility, all documents from the District relating to guidance or instructions on determining eligibility for the IZ Program and any eligibility analysis of Ms. Patel's household.

20

Plaintiff may also request that each deponent produce the following documents, to the extent applicable:

    a. Its complete file concerning Ms. Patel;

    b. All documents submitted to the Marshall Heights Community Organization, the District of Columbia, and Navy Federal Credit Union regarding the financial status, household information, and eligibility for the IZ Program for Ms. Patel's household;

    c. All documents from the District to its certifying agencies relating to guidance or instructions on determining eligibility for the IZ Program; and

    d. Any eligibility analysis of Ms. Patel's household.

IT IS **FURTHER ORDERED** that Defendants may conduct depositions—for which Defendants' examination will not exceed two hours each—of (1) Eric Colbert, the architect for Plaintiff's development and (2) Arthur Linde, Plaintiff's Manager. The topics of these depositions shall concern when Mr. Colbert and Mr. Linde became aware of the IZ program's requirements and the decisions they made concerning whether to incorporate the bonus density provided under the IZ Program.

IT IS **FURTHER ORDERED** that in order to ameliorate any prejudice faced by Defendants as a result of the granting of Plaintiff's motions, the Court shall require Plaintiff to pay for the costs of conducting the six depositions described above, not including attorneys' fees.

IT IS **FURTHER ORDERED** that the Court shall deny without prejudice the pending motions for summary judgment and permit the parties to file renewed motions after the parties have fully developed the factual record through the above-described discovery. Accordingly, the Court DENIES without prejudice Defendants' [49] Motion for Summary Judgment and DENIES without prejudice Plaintiff's [50] Motion for Summary Judgment.

    *//*

    *//*

    *//*

21

IT IS **FURTHER ORDERED** that the parties shall file a Joint Status Report by **February 19, 2016**, proposing a schedule of dates for filing and briefing the parties' renewed motions for summary judgment.   The Court shall then issue an order setting a briefing schedule.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE